```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

JAMOR J. DEMBY,                    No. 20-cv-13892 (NLH)

       Plaintiff,

  v.                                    OPINION

COUNTY OF CAMDEN, et al.,

       Defendants.

APPEARANCE:

Jamor J. Demby
552013
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Jamor J. Demby, presently incarcerated in East Jersey State Prison in Rahway, New Jersey, seeks to bring an amended complaint pursuant to 42 U.S.C. § 1983, against Camden County and others alleging that he was subjected to unconstitutional conditions of confinement while detained in the Camden County Correctional Facility ("CCCF"). See ECF No. 10.[1]

---

[1] Plaintiff has submitted several amendments to his complaint and requests to withdraw his amended complaints. See ECF Nos. 6, 10, 11, 12, & 13. Plaintiff's most recent letter dated February 10, 2021 indicates he wishes the Court to review his amended complaint, Docket Entry 10. ECF No. 13.

1

He also moves for the appointment of pro bono counsel.  ECF No. 14.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint with prejudice and deny the motion for counsel.

I.   BACKGROUND

Plaintiff states he was arrested on July 18, 2004 and taken to CCCF.  ECF No. 10 at 3.  He alleges that he was placed into a cell "with a very deteriated [sic] thin mattress and was forced to sleep on the floor inside a cell that was already at max capacity."  Id.  He states he slept on the floor for 20-21 months.  Id.  Plaintiff asserts he frequently complained about the bedding situation and sanitary concerns, which were exacerbated by the fact Plaintiff had a bullet lodged in his body from a shooting incident prior to his arrest.  Id.  The complaint further alleges he was strip searched during processing even though he was only arrested on a municipal warrant.  Id. at 3-4.

Plaintiff claims Camden County, its freeholders, the CCCF warden, and others were responsible for the custom, policy, or

practice of housing detainees in overcrowded, unsanitary conditions. He seeks compensatory damages.

## II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[2] See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." Montanez, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states he was detained at CCCF beginning on July 18, 2004 and was subjected to allegedly unconstitutional conditions of confinement for approximately 21 months, or until roughly April 2006. The conditions at CCCF would have been immediately apparent to Plaintiff at the time of

---

[2] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam).

4

his detention, and were in fact apparent as demonstrated by his allegation that he submitted several grievances regarding the conditions. "His claims accrued as he endured the circumstances while confined." McCargo v. Camden Cty. Jail, 693 F. App'x 164, 166 (3d Cir. 2017) (per curiam). Therefore, the statute of limitations for Plaintiff's conditions of confinement claim expired April 30, 2008 at the latest. Plaintiff's complaint is more than a decade late.

The strip search occurred during processing on July 18, 2004. ECF No. 10 at 4. This claim would have been apparent to Plaintiff at the time of the search, making his complaint due July 18, 2006. This claim is likewise barred by the statute of limitations.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). This Court will deny leave to amend as Plaintiff cannot remedy the expiration of the statute of limitations. Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations); McCargo, 693 F. App'x at 166 ("We therefore agree with the District Court's assessment that amendment of the complaint

would be futile because the statute of limitations clearly had expired when [plaintiff] filed this complaint.").

As the Court will dismiss the amended complaint with prejudice, the motion to appoint counsel will be denied. Appointment of counsel is a privilege, not a statutory or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). "As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law." Cuevas v. United States, 422 F. App'x 142, 144 (3d Cir. 2011). As Plaintiff's complaint is barred by the statute of limitations, the appointment of counsel is unwarranted.

IV. CONCLUSION

For the reasons stated above, the amended complaint will be dismissed with prejudice for failure to state a claim. Leave to amend will be denied.

An appropriate order follows.


Dated: February 25, 2021         ___s/ Noel L. Hillman_____
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.