```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

JAMOR J. DEMBY,                    No. 20-cv-13892 (NLH)

        Plaintiff,

    v.                             OPINION

COUNTY OF CAMDEN, et al.,

        Defendants.

APPEARANCE:

Jamor J. Demby
552013
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Jamor J. Demby, a state prisoner presently incarcerated in East Jersey State Prison, New Jersey, filed a complaint under 42 U.S.C. § 1983.  See ECF No. 1.  The Court dismissed the complaint with prejudice on February 25, 2021, for failing to state a claim under 28 U.S.C. § 1915.  ECF No. 16.

    Plaintiff now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 17.  For the reasons set forth below, the Court will deny the motion.

1

I.  BACKGROUND

Plaintiff filed an amended complaint alleging he experienced unconstitutional conditions of confinement at the Camden County Correctional Facility ("CCCF") as a pretrial detainee.  ECF No. 10.[1]  Plaintiff alleged he was arrested and taken to CCCF on July 18, 2004 and that he was placed into a cell "with a very deteriated [sic] thin mattress and was forced to sleep on the floor inside a cell that was already at max capacity."  Id. at 3.  He asserted that he slept on the floor for 20-21 months.  Id.  Plaintiff claimed he frequently complained to CCCF officials about the bedding situation and sanitary concerns, which were exacerbated by the fact Plaintiff had a bullet lodged in his body from a shooting incident prior to his arrest.  Id.  The complaint further alleged Plaintiff had been strip searched during processing even though he was only arrested on a municipal warrant.  Id. at 3-4.  Plaintiff argued Camden County, its freeholders, the CCCF warden, and others were responsible for the custom, policy, or practice of housing detainees in overcrowded, unsanitary conditions.

---

[1] "Plaintiff has submitted several amendments to his complaint and requests to withdraw his amended complaints.  See ECF Nos. 6, 10, 11, 12, & 13.  Plaintiff's most recent letter dated February 10, 2021 indicates he wishes the Court to review his amended complaint, Docket Entry 10.  ECF No. 13."  ECF No. 15 at 1 n.1.

The Court screened the amended complaint under 28 U.S.C. § 1915 and found that Plaintiff's claims were barred by New Jersey's two-year statute of limitations on personal injury claims.  ECF No. 16.  The Court dismissed the amended complaint with prejudice and denied leave to amend.  Id.

Plaintiff now moves to alter or amend that judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 17.  He argues he is entitled to equitable tolling under New Jersey law.  Id. He also asserts that the statute of limitations was tolled by the pendency of the class action Dittimus-Bey v. Taylor, No. 05-0063 (D.N.J. filed Jan. 6, 2005).  ECF No. 21.

II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A.

3

Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

III. DISCUSSION

Plaintiff asks the Court to alter or amend the judgment and permit the amended complaint to proceed because the statute of limitations should be tolled under New Jersey law or because of the Dittimus-Bey proceedings.

A. Claim Accrual

In this District, New Jersey's two-year limitations period for personal injury actions governs § 1983 complaints. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014).

The Court determined that Plaintiff's conditions of confinement claim accrued by April 2006 at the latest.[2]  In a

---

[2] "Plaintiff states he was detained at CCCF beginning on July 18, 2004 and was subjected to allegedly unconstitutional conditions

4

recent letter, Plaintiff asserts he was detained in CCCF until his transfer to state prison in June 2006.  ECF No. 23 at 1.  Accepting this fact as true and giving Plaintiff the maximum possible benefit of time, Plaintiff's claims regarding the conditions of confinement at CCCF accrued June 30, 2006, making § 1983 complaint raising this allegation due June 30, 2008.

Plaintiff's strip search claim accrued on the date of his arrest and processing, July 18, 2004.  Therefore, a timely § 1983 complaint for that claim was due July 18, 2006.  Plaintiff does not contest the accrual dates but argues that the statute of limitations should be tolled.

B.   New Jersey Tolling Law

"State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled."  Dique, 603 F.3d at 185.  Plaintiff argues that he "is entitled to the tolling of New Jersey's statute of limitations [due] to Plaintiff's legal disability.  Plaintiff was sent to prison on or about 6/26/2006, legally making Plaintiff disabled."  ECF No. 17 at 2.  He claims that "[c]onfinement is classified as a disability entitling Plaintiff to tolling."  Id. at 2-3.

---

of confinement for approximately 21 months, or until roughly April 2006."  ECF No. 15 at 4.

5

The statute cited by Plaintiff, N.J.S.A. § 46:2B-8, was repealed in 2000. See Revised Durable Power of Attorney Act, P.L. 2000, c. 109, § 15, eff. Nov. 7, 2000. The current version of the statute does not include "confinement" in its definition of "disability." N.J.S.A. § 46:2B-8.2(c). Therefore, this statute does not toll Plaintiff's statute of limitations.

New Jersey does toll statute of limitations for a person "under the age of 18 years or a person who has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action or right or title accrues . . . ." N.J.S.A. § 2A:14-21. Here, Plaintiff does not assert he was under 18 in 2004 or that he suffered from a mental disability that prevented him from being able to commence a timely legal action. "Manifestly, the aim of N.J.S.A. 2A:14-21 is to relieve from the strict time restrictions any person who actually lacks the ability and capacity, due to mental affliction, to pursue his lawful rights." Sobin v. M. Frisch & Sons, 260 A.2d 228, 231 (N.J. Super. Ct. App. Div. 1969).

Plaintiff's argument that all time during which he has been confined should be tolled is not supported by state or federal law. "None of the generally applicable tolling provisions of N.J. Stat. Ann 2A:14-21 through 2A:14-26.2 apply to this situation." McCargo v. Camden Cty. Jail, 693 F. App'x 164, 166

6

(3d Cir. 2017) (per curiam). "[T]he statute does not continue to run today even if Plaintiff is in some type of 'custody.'" Reed v. Hurd, No. 15-1305, 2016 WL 1381376, at *3 (D.N.J. Apr. 6, 2016). Therefore, New Jersey state law does not toll either of Plaintiff's claims.

C.   Pendency of Class Action

The Court must also consider whether the statute of limitations was tolled during the pendency of the Dittimus-Bey class action.

The Dittimus-Bey litigation was filed in 2005 by pro se litigants complaining of overcrowding and other deficiencies with their conditions of confinement at the Camden County Correctional Facility. "The class claim presents common questions whether Defendants subjected Plaintiffs to severe overcrowding and are therefore liable for violating the rights of pretrial detainees at CCCF to Due Process under the Fourteenth Amendment and the rights of convicted prisoners at CCCF to be free from cruel and unusual punishment under the Eighth Amendment, and, if so, what the appropriate remedy to unconstitutional overcrowding should be." Dittimus-Bey v. Taylor, 244 F.R.D. 284, 294 (D.N.J. 2007).

As a general rule, "the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint." China Agritech, Inc. v.

7

Resh, 138 S. Ct. 1800, 1804 (2018) (citing Am. Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974)).  "Of course, [p]laintiffs have no substantive right to bring their claims outside the statute of limitations.'"  Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 609 (3d Cir. 2018) (quoting China Agritech, 138 S. Ct. at 1810) (alteration in original).  "Accordingly, the tolling rule need not be applied mechanically.  And it should not be applied where doing so would result in an abuse" of American Pipe's equitable remedy.  Id.

   The Dittimus-Bey complaint was filed on January 5, 2005.  On July 31, 2007, the Honorable Jerome B. Simandle granted class certification under Federal Rule of Civil Procedure 23(b)(2) to "All individuals incarcerated at the Camden County Correctional Facility, either as pretrial detainees or as convicted prisoners, from the inception of this lawsuit on January 6, 2005 until its termination."  Dittimus-Bey v. Taylor, 244 F.R.D. 284, 293 (D.N.J. 2007).  As someone who was detained in the jail between January 5, 2005 and June 30, 2017, Plaintiff was a class member and is bound by the settlement.  See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 874(1984) ("[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation").  His complaint generally raises the same allegations of overcrowding at the jail but differs in some

8

respects.  For example, the class action sought only injunctive relief and Plaintiff seeks damages, Plaintiff names defendants who were not parties to the class action, and the class action did not challenge the jail's strip search policies.  The Court need not determine the extent to which these differences make American Pipe tolling inapplicable to Plaintiff's complaint.  See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 355 (1983) (Powell, J., concurring) ("It is important to make certain, however, that American Pipe is not abused by the assertion of claims that differ from those raised in the original class suit.").  His claims are time barred even taking the Dittimus-Bey class action into consideration.

    Judge Simandle issued an order granting the settlement and dismissing the case on June 30, 2017.  Dittimus-Bey, No. 05-0063 (D.N.J. June 30, 2017) (ECF No. 225).  Assuming without deciding that the entire statute of limitations for Plaintiff to file his claims was tolled between January 5, 2005 and June 30, 2017, the limitations period would have started to run after the class action was dismissed and would have expired July 1, 2019.[3]  Plaintiff's original complaint was not submitted until October 2020, over a year late.

---

[3] June 30, 2019 was a Sunday.  Fed. R. Civ. P. 6(a)(1)(C).

As Plaintiff's complaint would still be late even if the Dittimus-Bey proceedings tolled the statute of limitations, the Court will not alter or amend its prior judgment dismissing Plaintiff's claims as barred by the statute of limitations.

D.  Equitable Tolling

The Court may equitably toll the statute of limitations in the interests of justice when certain circumstances are present. See Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014).  The Court concludes the interests of justice would not be served by tolling Plaintiff's statute of limitations.  In June 2005, Plaintiff and several other CCCF detainees filed a joint complaint separately from the Dittimus-Bey proceedings regarding the conditions of confinement at CCCF.  See Roberts v. Taylor, No. 05-2626 (D.N.J. closed Aug. 17, 2006) (ECF No. 16). Plaintiff clearly knew he might have a claim against the jail long before October 2020, and Dittimus-Bey had been over for more than two years before Plaintiff filed this action.  The Court will not permit the late complaint to proceed.

IV.  CONCLUSION

For the reasons stated above, the motion to alter or amend the judgment shall be denied.

An appropriate order follows.

Dated: July 26, 2021                          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

10